UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIRTRU CORPORATION,<br><br>    Plaintiff,<br><br> v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | CASE NO. 2:23-cv-872<br><br>ORDER ON THE PARTIES' EXPEDITED JOINT MOTION FOR DISCOVERY UNDER LCR 37(A)(2) |

## 1. INTRODUCTION

This matter comes before the Court on the parties' Local Civil Rule 37 joint submission regarding their ongoing discovery disputes. Dkt. No. 151. The parties ask the Court to resolve two issues: (1) whether Virtru must make Will Ackerly available for deposition for another four hours on the record; (2) whether Virtru can withhold the production of documents related to its March 4, 2022, company-wide meeting and John Ackerly's March 8, 2022, email based on attorney-client privilege and work-product protection.

ORDER ON THE PARTIES' EXPEDITED JOINT MOTION FOR DISCOVERY UNDER LCR 37(A)(2) - 1

## 2. BACKGROUND

Will Ackerly[1] is the co-founder of Virtru and inventor of the patents at issue. Dkt. No. 1 ¶¶ 2, 7. Will served as both a Rule 30(b)(1) witness, testifying in his individual capacity, and a Rule 30(b)(6) witness, testifying on behalf of the corporation. Dkt. No. 153 ¶ 2. Will testified for over seven hours. Dkt. No. 151 at 19. Microsoft seeks four more hours to depose Ackerly about the 30(b)(6) topics identified in its notice for which Virtru named him the designated witness. *Id.* at 8. Specifically, Microsoft wants to discuss seven 30(b)(6) topics on which Will Ackerley was designated but that "Microsoft did not have the opportunity to fully explore," and eight 30(b)(6) topics that Virtru designated Will's testimony to address *after* his deposition. *Id.* at 12.

Microsoft also seeks documents distributed to Virtru employees at the start of this litigation. On March 4, 2022, the same day Virtru sued Microsoft, Chief Executive Officer John Ackerly held a company-wide meeting for all Virtru employees to provide "information reflecting or conveying legal advice, thoughts, and/or mental impressions of counsel prepared in connection with the filing of the complaint in this litigation." Dkt. No. 151 at 20. Four days later, on March 8, 2022, John sent a company-wide email to all Virtru employees at employees@virtru.com. John attached a copy of the complaint and "a document prepared by counsel entitled

---

[1] Because the two founders of Virtru share the same last name, the Court addresses them by their first names—Will Ackerly and John Ackerly—to avoid confusion. No disrespect is intended.

'Employee FAQ—030822.docx[.]" *Id.* at 20-21. Virtru has withheld these documents from Microsoft claiming attorney-client privilege and work-product protection.

### 3.  DISCUSSION

**3.1   Will Ackerly's deposition.**

Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). Although a lawyer does not have "carte blanche to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness[,]" *Finjan, Inc. v. Proofpoint, Inc.*, No. 3:13-CV-05808-HSG-HRL, 2015 WL 9900619, at *2 (N.D. Cal. Oct. 26, 2015) (internal quotation marks omitted), "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).

The Court finds good cause to extend Will's deposition beyond seven hours. A deposition under Rule 30(b)(6) differs from a normal deposition in several important respects, including the responding corporation's duty to educate and prepare its designee to fully answer questions posed about the designated subject matters. *Sony Electronics, Inc. v. Soundview Technologies, Inc.* 217 FRD 104, 112 (D. Conn. 2002). The designees' testimony—"good" or "bad"—then becomes binding on the company. Allowing a company to cherry-pick deposition testimony after-the-fact to, for instance, only designate favorable testimony, would frustrate the Rule's purpose of providing fair access to corporate information.

Thus, fairness dictates that Microsoft be allowed to question Will about the eight 30(b)(6) topics that Virtru retroactively designated his testimony to match given Microsoft did not have notice he would be testifying on behalf of the company before or during his deposition.

On the other hand, good cause does not exist for Microsoft to depose Will about the 30(b)(6) topics for which Virtru had previously designated him to testify about. Parties must manage their time to complete the deposition in the allotted seven-hour limit, and a failure to do so will not necessarily trigger another deposition. Accordingly, the Court GRANTS in part Microsoft's request and ORDERS Virtru to make Will available for another deposition lasting no more than two hours on the record (i.e., exclusive of breaks) about the retroactively designated Rule 30(b)(6) topics 25, 26, 28, 30, 48, 55, 56, and 57.

### 3.2 Privileged documents relating to Virtru's March 4, 2022, meeting and John Ackerly's March 8, 2022, email.

Microsoft does not dispute that the documents relating to Virtru's March 4, 2022, meeting and John Ackerly's March 8, 2022, email are subject to attorney-client privilege and work-product protection.[2] Instead, Microsoft argues that Virtru has waived attorney-client privilege and work-product protection because the disputed documents were distributed company-wide "as opposed to select employees with a 'need to know' the allegedly privileged information."

---

[2] At a hearing held on May 6, 2024, Microsoft took no position on whether the disputed documents qualified as attorney-client communications or work product.

ORDER ON THE PARTIES' EXPEDITED JOINT MOTION FOR DISCOVERY UNDER LCR 37(A)(2) - 4

The party asserting attorney-client privilege bears the burden of proving it has not waived the privilege. *Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) (modified on other grounds by Fed. R. Evid. 502(a) adopted in 2008). For work product, however, "the party asserting waiver of work-product protection bears the burden of demonstrating that a waiver of that protection has occurred." *McKenzie L. Firm, P.A. v. Ruby Receptionists, Inc.*, 333 F.R.D. 638, 642 (D. Or. 2019); *see also Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 379 (5th Cir. 2010); *Cher v. Bono*, No. CV218157JAKRAOX, 2023 WL 9019046, at *4 (C.D. Cal. Dec. 26, 2023); *Greer v. Cnty. of San Diego*, 634 F. Supp. 3d 911, 918 (S.D. Cal. 2022).

In *Upjohn Co. v. U.S.*, the United States Supreme Court explained that, in the corporate context, middle-level and lower-level employees who act as officers and agents responsible for directing the company's actions in response to legal advice, need to communicate with counsel without waiving attorney-client privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 391 (1981). District courts have upheld the attorney-client privilege where companies communicate with employees who need to know the information to carry out their responsibilities. *See In re Google RTB Consumer Priv. Litig.*, No. 21CV02155YGRVKD, 2023 WL 1787160, at *5 (N.D. Cal. Feb. 6, 2023); *Garvey v. Hulu, LLC*, No. 11-CV-03764-LB, 2015 WL 294850, at *2 (N.D. Cal. Jan. 21, 2015); *Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 598 (S.D.N.Y. 2015).

Microsoft makes a compelling argument that Virtru has waived attorney-client privilege with respect to the disputed documents given that it held a

ORDER ON THE PARTIES' EXPEDITED JOINT MOTION FOR DISCOVERY UNDER LCR 37(A)(2) - 5

company-wide meeting and emailed every single employee—around 200, in all. Dkt. No. 151 at 21. Virtru argues every employee needed to know about the litigation because it is a relatively small start-up operation. *Id.* at 25. But this general statement without further elaboration about the employees' responsibilities and how they would act on this information leaves the Court with an insufficient showing of non-waiver.

That said, Microsoft does not meet its burden to prove waiver of work-product protection. Citing two district court cases, Microsoft argues that the standard for waiving attorney-client privilege and that for waiving work product protection are essentially the same. Dkt. No. 151 at 24. But this is not supported by Ninth Circuit precedent.

"While the attorney-client privilege 'is designed to protect confidentiality, so that any disclosure outside the magic circle is inconsistent with the privilege,' work-product protection 'is provided against 'adversaries,' so only disclosing material in a way inconsistent with keeping it from an adversary waives work product protection.'" *United States v. Sanmina Corp.*, 968 F.3d 1107, 1120 (9th Cir. 2020) (quoting *United States v. Mass. Inst. Of Tech.*, 129 F.3d 681, 687 (1st Cir. 1997)). As a result, work product waiver is established by "the voluntary disclosure of attorney work product to an adversary or a conduit to an adversary[.]" *Id.* at 1121.

Microsoft argues that, because Virtru shared these documents with all of its employees, it increased the chances that one of them would share the materials with its "adversary" (i.e., Microsoft). Dkt. No. 151 at 24. This is speculative and

ORDER ON THE PARTIES' EXPEDITED JOINT MOTION FOR DISCOVERY UNDER LCR 37(A)(2) - 6

conclusory; thus, Microsoft fails to meet its burden of showing Virtru waived work-product protection.

## 4. CONCLUSION

Accordingly, the Court ORDERS Virtru to make Will Ackerly for deposition for another two hours on the record about the retroactively designated 30(b)(6) topics 25, 26, 28, 30, 48, 55, 56, and 57. In addition, the Court FINDS Virtru has not waived work product protection with respect to the documents relating to Virtru's March 4, 2022, meeting and John Ackerly's March 8, 2022, email. Finally, the Court GRANTS the parties' stipulated motion to seal and permits the parties to file Exhibit F to the Declaration of Mark L. Whitaker (Dkt. No. 154) under seal.

Dated this 10th day of May, 2024.

Jamal N. Whitehead
United States District Judge