1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIRTRU CORPORATION, | CASE NO. 2:23-cv-872 |
| Plaintiff, | ORDER |
| v. | |
| MICROSOFT CORPORATION, | |
| Defendant. | |

This matter comes before the Court on Defendant Microsoft Corporation's motion to revisit claim construction. Dkt. No. 141. Having reviewed Microsoft's motion, Plaintiff Virtru Corporation's response, and the relevant record, the Court DENIES Microsoft's motion without prejudice.

## 1. BACKGROUND

Virtru sued Microsoft in the U.S. District Court for the Western District of Texas, alleging that Microsoft's Office365 and Azure products infringe on its three patents: Patent Numbers 8,589,673 ("'673 Patent"), 8,874,902 ("'902 Patent"), and 9,578,021 ("'021 Patent"), (collectively, "Asserted Patents"). Dkt. No. 1. Microsoft moved to transfer the case from Texas to the Western District of Washington, but

**ORDER** - 1

the then-presiding judge, U.S. District Judge Alan Albright, denied its motion on January 18, 2023. Dkt. No. 79.

Days later, on January 22, 2023, Judge Albright issued a claim construction order interpreting seven claim terms. Dkt. No. 85. He found that the proper construction for six of the terms is their "plain and ordinary meaning." *Id.* at 45-47. For the term "automatically," Judge Albright distinguished between "automatically requesting" and "automatically selecting." *Id.* at 46. Judge Albright construed "automatically selecting" as having its "plain-and-ordinary meaning, except <u>once initiated, there is no human required input when identifying which identity provider to use</u>," but Judge Albright held the underlined phrase should be concealed from a jury. *Id.* at 27 (underlining in original). The final construction for "automatically requesting" is plain-and-ordinary meaning. *Id.*

In March 2023, Microsoft petitioned the Federal Circuit for a writ of mandamus ordering transfer to this District. *In re: Microsoft Corp.*, No. 23-128 (Fed. Cir. 2023). The Federal Circuit issued the writ on June 7, 2023, and Judge Albright transferred the case on June 9, 2023. Dkt. Nos. 95, 96.

The parties moved for a case scheduling order but disagreed about whether the Court should "revisit" claim construction, i.e., set a new claim construction hearing and related deadlines. Dkt. No. 131 at 3-5. At a hearing on January 4, 2024, the Court ordered briefing on the claim construction issue. Dkt. No. 133.

Microsoft argues this Court should revisit Judge Albright's claim construction order, as recent developments have highlighted further disputes between the parties and the need for further clarification about claim terms. Microsoft's

argument is threefold: First, Judge Albright's construction of "automatically" is erroneous because part of the "automatically selecting" construction will be concealed from the jury, and because it is ambiguous and it differs from the "automatically requesting" construction; second, revisiting claim construction is warranted because the parties continue to dispute the plain and ordinary meaning of the other terms; third, the Patent Trial and Appeal Board's (PTAB) order denying inter partes review "constitute[s] intrinsic evidence that clarifies the meaning of the asserted claims, and should be considered in requiring the Asserted Patents' method steps to be performed in a certain order." Dkt. No. 141 at 14-15.

## 2.   DISCUSSION

"District courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves." *Jack Guttman, Inc. v. Kopykake Enter., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002). Indeed, "a district court may (and sometimes must) revisit, alter, or supplement its claim constructions . . . to the extent necessary to ensure that final constructions serve their purpose of genuinely clarifying the scope of claims for the finder of fact." *In re Papst Licensing Digital Camera Pat. Litig.*, 778 F.3d 1255, 1261 (Fed. Cir. 2015). To this end, district courts have been known to revisit claim construction sua sponte. *NXP USA, Inc. v. Impinj, Inc.*, No. 2:20-CV-01503-JHC, 2023 WL 2372916, at *4 (W.D. Wash. Mar. 6, 2023) (citing *Level Sleep LLC v. Sleep No. Corp.*, No. 2020-1718, 2021 WL 2934816, at *3 (Fed. Cir. July 13, 2021).

Requiring a motion to reconsider under LCR 7(h) before revisiting claim construction, as Virtru advocates, goes against these principles. Virtru provides no controlling or persuasive legal authority supporting such a limitation on the "rolling claim construction" process endorsed by the Federal Circuit, and the Court will not observe any such limitation now. *See MasterObjects, Inc. v. Meta Platforms, Inc.*, No. 2023-1097, 2024 WL 630330, at *7 (Fed. Cir. Feb. 15, 2024) (declining to decide whether the California district court should have revisited the issue of claim construction after the case was transferred without a motion for reconsideration, because it reversed the court's constructions on the merits).

Whether this Court *should* revisit claim construction, however, is a different inquiry. The Court considers below each of Microsoft's arguments why revisiting claim construction is warranted now.

First, Microsoft argues Judge Albright's construction of "automatically selecting" (i.e., "plain-and-ordinary meaning except <u>once initiated, there is no human required input when identifying which identity provider to use</u>") is erroneous because the underlined phrasing is not to be shared with the jury. Dkt. No. 141 at 11 (underlining in original). In his order, Judge Albright held that presenting the underlined phrase to the jury would "likely lead to jury confusion, given that it may appear to be redundant with the plain-and-ordinary meaning and given that it is a negative limitation." Dkt. No. 85 at 27. Partially concealing a construction from the jury, Microsoft argues, results in error. Dkt. No. 141 at 11 (citing *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 989 (Fed. Cir. 2022) ("[I]t is the duty of trial courts in patent cases in which claim construction rulings on

disputed claim terms are made . . . to inform jurors both of the court's claim construction rulings on all disputed claim terms and of the jury's obligation to adopt and apply the court's determined meanings[.]"). Virtru does not contest Microsoft's argument about so-called "secret" constructions, but it raises "no objection to Judge Albright's full construction . . . being read to the jury." Dkt. No. 143 at 12.

The Court finds that this issue does not mandate a full re-do of the claim construction process as Microsoft requests. The Court will determine what instructions will be read to the jury as trial nears, at which time the parties may argue about and brief whether Judge Albright's construction should be read in whole or in part.

Microsoft also argues that Judge Albright's order "compound[s] the confusion" by issuing different constructions for the terms "automatically selecting" and "automatically requesting." Dkt. No. 141 at 12. But the parties argued this point before Judge Albright, and Microsoft fails to provide new information—that is, information unavailable to the Texas court—that would cause this Court to reach a different conclusion. Before the Texas court, Microsoft argued the prosecution history of the '673 Patent and later-filed '021 Patent supported construing "automatically" as "exclud[ing] a human-mediated process for the limitations where it is found." Dkt. No. 85 at 21. In response, Virtru argued "automatically" did not require construction as it does not absolutely bar human involvement. *Id.* at 22. For the "automatically selecting" limitation, Judge Albright found Virtru had disclaimed human input in identifying which identity provider to use. *Id.* at 25. For the "automatically requesting" limitation, Judge Albright held Virtue had not

disclaimed human input. *Id.* at 27. Microsoft argues Judge Albright's construction goes against the presumption that the same terms appearing in different portions of the claims should be given the same meaning, but it provides no reason for this Court to revisit its previously rejected arguments when nothing has changed besides the venue of the case. *See Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2010) ("Defendants attempted to resurrect a claim construction that the district court already rejected, without offering a new definition. Restating a previously settled argument does not create an 'actual dispute regarding the proper scope of the claims[.]'"). Moreover, the presumption applies "unless it is clear from the specification and prosecution history that the terms have different meanings at different portions of the claims." *Fin Control Systems Pty, Ltd. v. OAM, Inc.*, 265 F.3d 1311, 1318 (Fed. Cir. 2001). Judge Albright's distinction between "automatically selecting" and "automatically requesting" stems from the prosecution history. Microsoft has not provided a convincing argument as to why this Court should reach a different conclusion.

Second, Microsoft asks the Court to construe the six terms disputed before Judge Albright because he declined to do so. Dkt. No. 141 at 12-13. But this characterization is inaccurate. Judge Albright afforded the six other terms their "plain-and-ordinary meaning." *See* Dkt. No. 85 at 45-47.

Next, Microsoft argues that Virtru has added new evidence and theories of infringement under the doctrine of equivalents that were not timely presented to the Texas court. Dkt. No. 141 at 14. Microsoft argues that "if the Court is going to allow Virtru to keep . . . [these new theories] in the case, then all pertinent

constructions should be revisited." *Id.* Microsoft also attaches as an exhibit Virtru's disclosure of asserted claims and infringement contentions that Virtru served Microsoft on July 28, 2023. Dkt. No. 141-1. Microsoft does not expand upon this argument further or provide authority in support of its claim. In reviewing their joint status report, it appears that the parties dispute the nature of these July 28, 2023, disclosures—Microsoft says they are amended infringement contentions in violation of Local Patent Rule 124 while Virtru says it merely supplemented its infringement contentions to comply with Local Patent Rule 121. Dkt. No. 124 at 8. Because this issue is not squarely before the Court and the record is incomplete, the Court is not persuaded that a complete do-over of claim construction is the cure for such an alleged violation, a violation that Virtru denies.[1]

Finally, Microsoft argues that additional constructions are necessary given recent factual developments; specifically, PTAB denied institution of inter partes review, but it stated that the steps in the method claims of the Asserted Patents must be performed in a certain order. Dkt. No. 141 at 14. Microsoft contends that PTAB's statements constitute intrinsic evidence that clarifies the meaning of the claims, which this Court should consider in revisiting claim construction. *Id.* at 14-15.

PTAB's statements were made in the context of Microsoft's challenges to patentability. Indeed, both parties specifically disavowed the need for claim

---

[1] The Court does not comment on the propriety of Virtru's July 28, 2023, disclosures. To the extent Microsoft believes them to be improper, it may seek relief from the Court.

**ORDER** - 7

construction, so PTAB "construe[d] no terms." Dkt. No. 144-10 at 3. And as Virtru notes, Microsoft is cagey to a fault about how PTAB's statements undercut Judge Albright's constructions, if at all, and how they affect the Court's interpretation of the words of the claims themselves. *See Amgen Inc. v. Hoechst Marion Roussel, Inc.,* 457 F.3d 1293, 1301 (Fed. Cir. 2006) ("[C]laim construction must begin with the words of the claims themselves.").

Besides PTAB's statements, Microsoft points to nothing in the claim language nor the specification that requires steps in a particular order. On this record, it is too speculative a leap for the Court to conclude that PTAB's statements standing alone—especially given the context in which they were made—warrant revisiting claim construction and further delaying these proceedings.

### 3.  CONCLUSION

Accordingly, the Court DENIES Microsoft's motion, Dkt. No. 141, without prejudice.


Dated this 31st day of May, 2024.


Jamal N. Whitehead
United States District Judge

ORDER - 8