UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIRTRU CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　Defendant. | CASE NO. 2:23-cv-872<br><br>ORDER DENYING DEFENDANT'S MOTION TO CONTINUE |

　　　　This matter comes before the Court on Defendant Microsoft Corporation's motion to continue the trial date and related deadlines. Dkt. No. 200. Plaintiff Virtru Corporation opposes the requested continuance. Dkt. No. 204. Because Microsoft fails to show good cause, the Court DENIES its motion to continue.

　　　　On May 31, 2024, the Court set trial for May 7, 2025. Dkt. No. 163. The Court's order instructed counsel to email its Courtroom Deputy within ten days if this date created an irreconcilable conflict. *Id.* at 2–3. On June 10, 2024, Virtru's counsel told the Court it had a potentially irreconcilable conflict with the scheduled trial date. Dkt. No. 164. The Court ordered the parties to propose a new trial date, and on June 20, 2024, the Court set trial for June 16, 2025. Dkt. Nos. 164; 166.

ORDER DENYING DEFENDANT'S MOTION TO CONTINUE - 1

Microsoft presents two scheduling conflicts as the basis for its motion to continue. First, Microsoft's co-lead counsel Betty Chen is also lead counsel in a case pending before the United States International Trade Commission (ITC) with the hearing set for June 30, 2025, a few days after trial here would finish. Dkt. No. 202 ¶¶ 2–3. The ITC issued its order setting the hearing date on September 3, 2024. *Id.* ¶ 4. Second, Microsoft's other co-lead counsel Ahmed Davis is also lead counsel in a patent case pending in the District Court of Maryland. Dkt. No. 201 ¶ 2. The Maryland District Court issued a scheduling order on December 20, 2024, setting trial to go through June 13, 2025—one business day before the trial here is set to begin. *Id.* ¶¶ 3–4.

A scheduling order may be modified only with the Court's leave, for good cause. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). As a result, courts modify scheduling orders "if [they] cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).

Microsoft argues it exercised diligence in pursing the requested continuance. Dkt. No. 200 at 6. The Court disagrees. Both conflicts arose after the Court scheduled this trial. Although Microsoft's counsel states that he advised the Maryland District Court of this trial date, but he does not clarify whether he has moved for a continuance there. *See* Dkt. No. 201 ¶ 3. Here, the Court set trial six

ORDER DENYING DEFENDANT'S MOTION TO CONTINUE - 2

months before the district court in Maryland. It does not make sense to grant a continuance of a long-standing trial date to accommodate one set so much later.

Microsoft argues it will be prejudiced because its lead counsel will not be able to adequately prepare for trial. Dkt. No. 200 at 9–10. But Microsoft's argument ignores the prejudice Virtru will face because of further delay and the multiple attorneys appearing for Microsoft already signed on to this matter.

Microsoft also argues that a continuance will allow more time for mediation and for the Court to resolve the pending dispositive motions. *Id.* at 7–8. But since making this argument Microsoft and Virtru scheduled and attended a mediation on April 3, 2025. Dkt. No. 279. Further, trial is over two months away and the Court is on schedule to adjudicate the pending dispositive motion and motions to exclude experts promptly.

Accordingly, the Court DENIES Microsoft's motion to continue. Dkt. No. 200.

Dated this 9th day of April, 2025.

Jamal N. Whitehead
United States District Judge