1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
9
10  Virtru Corporation,                              CASE NO. 2:23-cv-00872-JNW

11                          Plaintiff,               ORDER ON NINE MOTIONS TO
                                                     SEAL
12              v.

13  Microsoft Corporation,

14                          Defendant.

15

16      This matter comes before the Court on Defendant Microsoft Corporation's Motions to

17  Seal (Dkt. Nos. 175, 180, 192, 233, 261) and Plaintiff Virtru Corporation's Motions to Seal (Dkt.

18  Nos. 186, 215, 221, 256). Having reviewed the Motions, the Responses (Dkt. Nos. 230, 246, 273,

19  268, 277), and all other supporting materials, the Court GRANTS the Motions as to Dkt. Nos.

20  180, 186, 192, 215, 221, 233, 256, 261, and DENIES the Motion at Dkt. No. 175.

21                                    **BACKGROUND**

22      The Parties have filed four motions seeking to exclude the testimony of three expert

23  witnesses in this case. In support of these motions and briefing, the Parties have filed certain

24

documents marked as confidential under the Protective Order that they wish the Court to seal. In total, the Parties have filed nine motions to seal which the Court reviews before analyzing the merits of the requests.

**A.    Motions to seal regarding Rubin**

The Parties seek to file under seal certain information related to a pair of motions brought by Microsoft pertaining to Virtru's expert Dr. Aviel Rubin. The first motion seeks to exclude certain testimony of Dr. Rubin (Dkt. No. 177).With its motion to exclude, Microsoft moves to seal the entirety of a report submitted by Dr. Rubin on the basis that the report contains information which Virtru has deemed confidential. (Dkt. No. 175.) Virtru has clarified that "[u]pon further review," it "does not oppose this document's being filed on the public docket." (Dkt. No. 230.)

The second motion seeks to strike Dr. Rubin's untimely infringement theory. (Dkt. No. 182.) With its motion to strike, Microsoft moves to seal five documents and the portion of their brief which refers to information in those documents. First, Microsoft seeks to seal excerpts of Dr. Rubin's reports regarding three patents held by Microsoft. (Declaration of Elliot Scher (Dkt. No. 183), Exs. 1–3.) Microsoft claims that these excerpts "discuss Microsoft's highly confidential technical information and source code." (Declaration of Elliot Scher (Dkt. No. 181) ¶ 9.) Second, Microsoft seeks to seal an excerpt of an exhibit to Virtru's final infringement contentions, (Dkt. No. 183 at Ex. 4,) on the basis that it "discuss[es] Microsoft's highly confidential source code." (Dkt. No. 181 ¶ 10.) Finally, Microsoft seeks to seal in its entirety a document produced in discovery, (Dkt. No. 183, Ex. 6,) which also "discuss[es] Microsoft's highly confidential technical information and source code." (Dkt. No. 181 ¶ 11.)

1    Virtru has responded to the motion to strike, (see Dkt. No. 216,) and moves to seal certain

2    information filed in support of its opposition, (see Dkt. No. 215.) Specifically, Virtru seeks to

3    seal portions of Exhibits I and L to the Declaration of W. Stella Mao (Dkt. Nos. 219–20), and

4    portions of its opposition brief referring to the information contained therein. Both Exhibits

5    contain "discussion of source code that Microsoft has designated 'Highly Confidential – Source

6    Code' pursuant to the Protective Order" issued in this case. (Dkt. No. 215 at 2; accord

7    Declaration of Elliot Scher (Dkt. No. 274) ¶¶ 7–9.)

8    **B.    Motions to seal regarding Bakewell**

9    Virtru has moved to exclude the opinions and testimony of Microsoft's expert witness,

10   Chris Bakewell. (Dkt. No. 187.) With their motion to exclude, Virtru filed copies of Bakewell's

11   rebuttal expert report, certain relevant documents produced in discovery, as well as portions of

12   his testimony under seal. (See Exhibits A, B, and C to the Declaration of Fitz B. Collings ISO

13   Motion to Exclude (Dkt. Nos. 189, 190, 191)). Virtru provisionally moved to seal these

14   documents to comply with the Protective Order and take no position on whether they should be

15   sealed. (Mot. to Seal (Dkt. No. 186).) In response to Virtru's motion to seal, Microsoft

16   affirmatively requests the Court to seal all three exhibits, (Resp. to Mot. to Seal (Dkt. No. 246)),

17   on the basis that they "contain information related to Microsoft's highly sensitive and

18   confidential financial information and/or business strategy documents." (Declaration of Betty

19   Chen (Dkt. No. 247) ¶ 5.)

20   Alongside its response to Virtru's motion to exclude, (see Dkt. No. 235), Microsoft filed

21   copies of various documents which it seeks to keep under seal. Specifically, Microsoft seeks to

22   seal the following: (A) excerpts from the Deposition Transcript of Ted Livermore, dated January

23   8, 2024; (B) excerpts from the Deposition Transcript of Dana Morris, dated January 11, 2024;

24

(C) excerpts from and errata to the Rebuttal Expert Report of Christopher Bakewell, dated November 8, 2024 and March 4, 2025, respectively; (D) excerpts from the Expert Report of Christopher H. Spadea, dated October 4, 2024; (E) excerpts from the Deposition Transcript of Rudra Mitra, dated November 10, 2023; (F) excerpts from the Deposition Transcript of Caroline Stanford, dated January 25, 2024; (G) excerpts from the Deposition Transcript of Christopher Bakewell, dated December 19, 2024); and (H) excerpts from the Deposition Transcript of Michael Allen, dated June 1, 2023. (See Exhibits A–H to the Declaration of Betty Chen (Dkt. Nos. 238–45)). Microsoft affirmatively requests that Exhibits C, E, F, G, and H remain under seal, as they "discuss[] Microsoft's highly sensitive and confidential financial information and/or internal business strategy documents." (Declaration of Betty Chen (Dkt. No. 234) ¶¶ 8, 10–13.) Microsoft also moves to seal Exhibits A, B, and D, on the grounds that they were designated by Virtru as 'Highly Confidential – Outside Attorneys' Eyes Only' pursuant to the Protective Order in this case." (Id. ¶¶ 6–7, 9.) However, Microsoft's motion claims that all of "[t]he material sought to be sealed includes information related to Microsoft's confidential financial information and business documents." (Mot. to Seal (Dkt. No. 233) at 2.) Virtru has not filed a response to Microsoft's Motion to Seal (Dkt. No. 233).

Finally, Virtru provisionally moves to seal an unredacted version of its reply brief, (Dkt. No. 258), claiming that the information discussed therein has been designated by Microsoft as "'Highly Confidential – Attorneys' Eyes Only' pursuant to the Protective Order entered in this case." (Mot. to Seal (Dkt. No. 256).) Virtru "understands that Microsoft will provide further factual and legal basis to support sealing the identified information." (Id.) In response to Virtru's motion to seal, Microsoft affirmatively requests the Court to keep the excerpts from Virtru's reply under seal because they "include information related to a highly confidential patent license

1    agreement between Microsoft and a third party," (Resp. to Mot. (Dkt. No. 277) at 2,) including

2    "information related to Microsoft's highly sensitive and confidential financial information."

3    (Declaration of Betty Chen (Dkt. No. 278) ¶ 4.)

4    **C.    Motions to seal regarding Spaeda**

5         Microsoft has filed a <u>Daubert</u> motion regarding the opinions of Christopher Spaeda

6    related to damages. (Dkt. No. 194.) With its <u>Daubert</u> motion, Microsoft filed the following three

7    documents under seal: (1) excerpts from the Expert Report of Christopher H. Spadea, dated

8    October 4, 2024; (2) excerpts from the Deposition Transcript of Christopher H. Spadea, dated

9    December 4, 2024); and (3) excerpts from the Rebuttal Expert Report of Christopher Bakewell

10   Regarding Damages, dated November 8, 2024. (<u>See</u> Exhibits A, B, and E to the Declaration of

11   Betty Chen ISO Microsoft's Daubert Motion (Dkt. Nos. 197, 198, 199).) Microsoft affirmatively

12   seeks to seal Exhibits B and E on the grounds that they "discuss[] Microsoft's highly sensitive

13   and confidential financial information, internal data, and/or internal business documents," and

14   also seeks to seal Exhibit A on the grounds that it was designated by Virtru as highly confidential

15   under the protective order. (Mot. to Seal (Dkt. No. 192); Declaration of Betty Chen (Dkt. No.

16   193) ¶¶ 6–8.) Virtru did not filed a response to Microsoft's Motion to Seal (Dkt. No. 192).

17        Virtru opposes the <u>Daubert</u> motion (Dkt. No. 223.) With its opposition brief, Virtru filed

18   the four following exhibits under seal: (1) the expert report of Christopher H. Spadea, dated

19   October 4, 2024; (2) excerpts of the deposition transcript of Raman Kaylan taken on September

20   5, 2024; (3) excerpts of the deposition transcript of Caroline Stanford taken on January 25, 2024;

21   and (4) excerpts from the Deposition Transcript of Christopher H. Spadea taken on December 4,

22   2024. (<u>See</u> Exhibits A–D to the Declaration of Matthew Stephens ISO Virtru's Opposition to

23   Microsoft's Daubert Motion (Dkt. Nos. 226–229).) Virtru affirmatively seeks to seal Exhibits A

24

and D on the basis that the information therein "relates to highly sensitive information related to Virtru's financials, internal data, competitive positioning, financial projections, and business plans" which, if disclosed, "could harm Virtru's commercial and competitive standing and confer an unfair advantage on its competitors." (Declaration of Matthew Stephens (Dkt. No. 222) ¶¶ 3, 6.) Exhibit A to the Stephens Declaration is the full Spaeda report, which includes the excerpts from Exhibit A of the Chen Declaration discussed above. Virtru also seeks that Exhibits B and C be sealed as they "reflect information that Microsoft has designated 'Highly Confidential – Attorneys' Eyes Only' pursuant to the Protective Order in this case." Microsoft has provided a response to Virtru's Motion to Seal, (see Response (Dkt. No. 268),) and claims that all of the exhibits at issue—including Exhibits B and C—should remain sealed as they "contain information related to Microsoft's highly sensitive and confidential financial information and business documents." (Declaration of Betty Chen (Dkt. No. 269) ¶ 5.)

Finally, Microsoft has filed a redacted version of its reply brief (Dkt. No. 264). Microsoft seeks to file the unredacted version of its reply brief (Dkt. No. 266), under seal on the grounds that it contains information and documents "related to Microsoft's financials, internal data, and internal marketing documents." (Mot. to Seal (Dkt. No. 261).) Virtru does not oppose the request to seal. (Id.)

## ANALYSIS

### A.    Legal Standard

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. Here, the Court

1    finds that the compelling interest test applies, as the materials the Parties ask the Court to seal are

2    "more than tangentially related to the merits of the case." Id.

3        Under the "compelling interest" test, the Court must "conscientiously balance[] the

4    competing interests of the public and the party who seeks to keep certain judicial records secret."

5    Kamakana v. City & Cty . of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and

6    quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling

7    reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or

8    conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a

9    protective order to demonstrate that (1) the material in question is a trade secret or other

10   confidential information within the scope of Rule 26(c), and (2) disclosure would cause an

11   identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131

12   (9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to

13   keep materials under seal to show: (1) "the legitimate private or public interests that warrant the

14   relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a

15   less restrictive alternative to the relief sought is not sufficient." Local Civil Rule 5(g)(3)(B).

16   "Evidentiary support from declarations must be provided where necessary." Id.

17   **B.    Motions to seal regarding Rubin**

18        **1.    Dkt. No. 175**

19        Microsoft's request to seal Dr. Rubin's expert report rests on Virtru's designation of the

20   document as confidential. (See Dkt. No. 175.) However, Virtru has clarified that "[u]pon further

21   review," it "does not oppose this document's being filed on the public docket." (Dkt. No. 230.)

22   Accordingly, Microsoft's Motion to Seal (Dkt. No. 175) is DENIED. The Clerk is directed to

23   unseal and file for public record the unredacted version of Exhibit A to the Declaration of

24

1    Lawrence Jarvis ISO Microsoft's Motion to Exclude Dr. Aviel Rubin's Secondary

2    Considerations Testimony (Dkt. No. 179).

3              **2.    Dkt. Nos. 180 & 215**

4              The Court is satisfied that there are compelling interests in keeping the information

5    regarding Microsoft's source code and technical information filed under seal. The limited

6    redactions proposed by the Parties are narrowly tailored to discussions of Microsoft's source

7    code and technical information, the inadvertent disclosure of which might harm Microsoft's

8    competitive standing if revealed. See, e.g., Cousineau v. Microsoft Corp., No. C11-1438-JCC,

9    2014 WL 11961979, at *1 (W.D. Wash. Mar. 20, 2014) (finding compelling reasons to seal

10   documents containing "technical specification[s] and design documents, some of which include

11   source code."). Accordingly, the Court GRANTS Microsoft's Motion to Seal (Dkt. No. 180) and

12   Virtru's Motion to Seal (Dkt. No. 215).

13   **C.    Motions to seal regarding Bakewell (Dkt. Nos. 186, 233, 256.)**

14             The Court is satisfied that the Parties have demonstrated compelling reasons to seal most

15   —but not all—of the information filed in support and opposition of Virtru's Motion to Exclude

16   the opinions and testimony of Bakewell.

17             **1.    Dkt. No. 186**

18             The Court finds there to be compelling circumstances to maintain under seal the

19   documents filed by Virtru in support of its Motion to Exclude and the portions of the brief which

20   refer to that information. The Court finds that the Bakewell rebuttal report (Dkt. No. 189) and

21   excerpts of Bakewell's deposition testimony (Dkt. No. 191) contain comprehensive discussion of

22   various settlement agreements entered into by Microsoft and various third parties, including an

23   exemplar agreement (Dkt. No. 190) which, if disclosed, could subject Microsoft to competitive

24

1    harm as they contain confidential financial information and business strategies regarding

2    Microsoft's litigation strategies and confidential settlement agreements. Therefore, Virtru's

3    Motion to Seal (Dkt. No. 186) is GRANTED.

4          **2.    Dkt. No. 233**

5          The Court finds there to be compelling circumstances to maintain under seal some of, but

6    not all, of the information filed by Microsoft in support of its response and the portions of the

7    brief which refer to that information. The Court finds that the excerpts from and errata to the

8    Bakewell rebuttal report (Dkt. No. 240), and the excerpts from the deposition transcripts of

9    Rudra Mitra, Caroline Stanford, Christopher Bakewell, and Michael Allen, (Dkt. Nos. 242–45,)

10   all discuss either Microsoft's financial information and business intelligence regarding

11   competition, strategic priorities, and licensing agreements. Therefore, Microsoft's Motion is

12   GRANTED as to Exhibits C, E, F, G, and H to the Declaration of Betty Chen (Dkt. Nos. 240,

13   242–45). Additionally, and further discussed below, the Court finds there to be compelling

14   circumstances to seal the entire Spadea report, and so GRANTS Microsoft's Motion to Seal as to

15   Exhibit D to the Declaration of Betty Chen (Dkt. No. 241).

16         However, the Court does not find there to be compelling circumstances to maintain under

17   seal (1) excerpts from the Deposition Transcript of Ted Livermore (Dkt. No. 238); or (2)

18   excerpts from the Deposition Transcript of Dana Morris (Dkt. No. 239). Both documents are

19   brief excerpts of deposition transcripts discussing, in broad terms, the integration of Virtru's

20   product with e-mail and cloud-based services. Virtru, the designating party, offers no explanation

21   as to why this information should remain under seal. Therefore, the Court DENIES the

22   Microsoft's Motion to Seal as to Exhibits A and B to the Declaration of Betty Chen (Dkt. Nos.

23   238, 239).

24

1          **3.      Dkt. No. 256**

2          Finally, the Court finds there to be compelling reasons to maintain under seal the

3   unredacted version of Virtru's reply brief, which only contains minor redactions of the name and

4   specific discussion of a particular settlement agreement relied upon by Bakewell in his report.

5   Accordingly, the Court GRANTS Virtru's Motion to Seal (Dkt. No. 256.)

6   **D.     Motions to seal regarding Spadea**

7          The Court is satisfied that the Parties have demonstrated compelling reasons to seal the

8   information filed in support and opposition of Microsoft's <u>Daubert</u> motion regarding Spaeda. As

9   an initial consideration, the Court recognizes that both Parties seek to seal Spaeda's expert report

10  in some manner, each claiming that the report contains sensitive financial information the

11  disclosure of which could harm the companies' respective competitive standings. While

12  Microsoft seeks to seal excerpts of the report, (<u>see</u> Chen Decl. (Dkt. No. 193) ¶ 6,) Virtru seeks

13  to seal the report in its entirety, (<u>see</u> Stephens Decl. (Dkt. No. 222) ¶¶ 3–4). Upon review of the

14  Spaeda report, the Court concludes that the document should be sealed in its entirety. The

15  revenue figures, licensing agreements, discounts, forecasts, and other sensitive financial

16  information of either Virtru or Microsoft permeate nearly every paragraph of the report to such

17  an extent that sealing the entire document is preferable to a line-by-line redaction.

18         The Court also finds that the excerpts from the Deposition Transcript of Christopher H.

19  Spadea (Dkt. No. 198), excerpts from the Rebuttal Expert Report of Christopher Bakewell

20  Regarding Damages (Dkt. No. 199), excerpts of the deposition transcript of Raman Kaylan (Dkt.

21  No. 227), and excerpts of the deposition transcript of Caroline Stanford (Dkt. No. 228) contain

22  financial information, internal data, and testimony related to Microsoft product bundles, which, if

23  unsealed, could harm Microsoft's business interests and competitive advantage in the

24

1    marketplace. The Court further finds that the excerpts from the Deposition Transcript of

2    Christopher H. Spadea (Dkt. No. 229), contain financial information which could similarly harm

3    Virtru.

4        Accordingly, the Court GRANTS Microsoft's Motion to Seal (Dkt. No. 192), Virtru's

5    Motion to Seal (Dkt. No. 221), and Microsoft's Motion to Seal (Dkt. No. 266).

6                                        **CONCLUSION**

7        For the foregoing reasons, the Court ORDERS the following:

8        Microsoft's Motions to Seal at Docket Nos. 180, 192, 266 are GRANTED.

9        Virtru's Motions to Seal at Docket Nos. 186, 215, 221, and 256 are GRANTED.

10       Microsoft's Motion to Seal (Dkt. No. 175) is DENIED. The Clerk is directed to unseal

11   and file for public record the unredacted version of Exhibit A to the Declaration of Lawrence

12   Jarvis ISO Microsoft's Motion to Exclude Dr. Aviel Rubin's Secondary Considerations

13   Testimony (Dkt. No. 179). Within 14 days of this Order, Microsoft is ORDERED to file a

14   version of its Motion to Exclude Dr. Aviel Rubin's Secondary Considerations Testimony with

15   the information contained in Exhibit A unredacted.

16       Microsoft's Motion to Seal (Dkt. No. 233) is GRANTED IN PART and DENIED IN

17   PART. The Motion is GRANTED as to Exhibits C–H to the Declaration of Betty Chen (Dkt.

18   Nos. 240–245). The Clerk is directed to maintain those Exhibits under seal. The Motion is

19   DENIED as to Exhibits A and B to the Declaration of Betty Chen (Dkt. Nos. 238, 239). The

20   Clerk is directed to unseal and file for public record the unredacted version of Exhibits A and B.

21   (Dkt. Nos. 238, 239). Within 14 days of this Order, Microsoft is ORDERED to file a version of

22   its Motion to Exclude Dr. Aviel Rubin's Secondary Considerations Testimony with the

23

24

ORDER ON NINE MOTIONS TO SEAL - 11

information contained in Exhibit A and B to the Chen Declaration (Dkt. Nos. 238, 239)

unredacted.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 12, 2025.

Marsha J. Pechman
United States Senior District Judge