UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VIRTRU CORPORATION,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

CASE NO. 2:23-cv-872

ORDER ON SIX MOTIONS TO SEAL

## 1. INTRODUCTION

This matter comes before the Court on Defendant Microsoft Corporation's motions to seal (Dkt. Nos. 249, 285, 319) and Plaintiff Virtru Corporation's motions to seal (Dkt. Nos. 206, 290, 329). Having reviewed the motions, the responses, and all other supporting materials, the Court GRANTS the motions as to Dkt. Nos. 206, 249, 290, 319, and 329. The Court DENIES the motion at Dkt. No. 285.

## 2. DISCUSSION

### 2.1 Legal standard.

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. *See Ctr. for Auto Safety v. Chrysler*

*Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." *Id.*

Here, the Court finds that the compelling interest test applies to all but one motion,[1] as the materials the parties ask the Court to seal are "more than tangentially related to the merits of the case." *Id.* Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citation and quotation omitted). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (citation and quotation omitted).

The Local Civil Rules require the party seeking to keep materials under seal to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3)

---

[1] *See infra* Section 2.7, Virtru's unopposed motion to seal the parties' joint submission of deposition designations, Dkt. No. 329, where the Court applies the good cause standard.

"why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). "Evidentiary support from declarations must be provided where necessary." *Id.*

**2.2     Virtru's motion to seal opposition to Microsoft's motion for summary judgment, Dkt. No. 206.**

On February 20, 2025, Microsoft moved for summary judgment of noninfringement and no willfulness. Dkt. No. 171. Virtru opposed each point, filing a redacted and sealed response brief, Dkt. Nos. 207, 209. Virtru moved to seal, arguing the Court should foreclose public access to portions of Exhibits B, Q, and G filed in support of Virtru's opposition and the portions of the brief that reference, quote, or characterize those Exhibits. Dkt. No. 206. Microsoft agrees. Dkt. No. 271.

Exhibits B and Q contain discussion of source code designated by Microsoft as "highly confidential." Dkt. Nos. 208-3, 208-18, 210, 212. Exhibit G includes Microsoft business information also designated as "highly confidential—attorney's eyes only." Dkt. Nos. 208-8, 211.

The Court is satisfied that there are compelling interests in keeping the information regarding Microsoft's source code filed under seal. The limited redactions proposed by the parties are narrowly tailored to discussions of Microsoft's source code and technical information. *See, e.g.*, *Cousineau v. Microsoft Corp.*, No. C11-1438-JCC, 2014 WL 11961979, at *1 (W.D. Wash. Mar. 20, 2014) (finding compelling reasons to seal documents containing "technical specification[s] and design documents, some of which include source code").

The Court is also satisfied that the highly sensitive business information should remain sealed. As Microsoft's attorney attests in his declaration "[p]ublic disclosure of this confidential and commercially sensitive information . . . would risk the stability and security of Microsoft's internal systems, and the systems and data of its customers and end-users, and would further cause competitive harm if disclosed." Dkt. No. 272 ¶ 7. Accordingly, Virtru's motion to seal, Dkt. No. 206, is GRANTED.

**2.3 Microsoft's motion to seal reply in support of its motion to strike Dr. Rubin's untimely infringement theory, Dkt. No. 249.**

Microsoft moved to strike Dr. Rubin's untimely infringement theory, Dkt. No. 182. The Court approved Microsoft's request to file portions of its motion and supporting exhibits under seal. Dkt. No. 284 at 11.

Now Microsoft moves to seal portions of its reply in support of its motion to strike Dr. Rubin's untimely infringement theory. Dkt. No. 249. Specifically, Microsoft seeks to exclude from public record portions of its reply brief and supporting Exhibit 14, which contains proprietary source code. Microsoft filed a redacted and sealed version of its reply brief, Dkt. Nos. 253, 254, as well as a redacted and sealed version of Exhibit 14, Dkt. Nos. 259-1, 260. Virtru does not object to keeping these portions under seal. Dkt. No. 250 ¶ 13.

The Court agrees there are compelling reasons to keep these portions sealed from public view in light of the source code discussed, and GRANTS Microsoft's motion, Dkt. No. 249.

**2.4 Microsoft's motion to seal portions of its motions in limine, Dkt. No. 285.**

Microsoft moves to seal exhibits supporting its motions in limine based on Virtru's designation of these documents as highly confidential. Dkt. No. 285. The documents at issue are Exhibit G, excerpts from the June 28, 2024 deposition transcript of Will Ackerly, Exhibit H, excerpts from the July 11, 2024 deposition transcript of Dana Morris, and Exhibit J, excerpts from the March 14, 2024 deposition transcript of Dana Morris, Dkt. Nos. 289, 289-1, and 289-2 respectively.

In response, Virtru states that it "does not oppose the filing of Exhibits G, H, and J to Microsoft's [m]otions in limine on the public docket." Dkt. No. 312 at 2. As a result, the Court DENIES Microsoft's motion to seal, Dkt. No. 285. The Clerk is directed to unseal and file for public record Exhibits G, H, and J to Microsoft's motions in limine, Dkt. Nos. 289, 289-1, and 289-2.

**2.5 Virtru's unopposed motion to seal portions of its motions in limine, Dkt. No. 290.**

Virtru moves to seal portions of its motions in limine briefing as well as Exhibits 2, 3, 4, 5, and 6 to the Declaration of Matthew Stephens filed in support of its motions. Dkt. No. 290. Virtue filed both redacted and sealed versions of its motions in limine, as well as sealed Exhibits 2 through 6. *See* Dkt. Nos. 292, 293, 295, 296, 297, 298, 299.

Exhibits 2, 3, 4, 5, and 6 have been designated as highly confidential business information or source code by Microsoft and include Dr. Rubin's opening expert report, Dr. Black's rebuttal expert report, Dr. Black's deposition dated November 8,

2024, Microsoft's responses to Virtru's first set of interrogatories, and Dr. Spadea's opening expert report. Microsoft did not respond to Virtru's motion.

"Source code is undoubtably a trade secret." *Microsoft v. Motorola*, No. C10-1823, 2012 WL 5476846 at *2-3 (W.D. Wash. Nov. 12, 2012) (citing *Agency Sols. Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting motion to seal source code documents). Thus, there are compelling reasons to permit these references to technical information to remain under seal as it would damage Microsoft's business position to reveal it to competitors. *See Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659, 2019 WL 11868520, at *1 (N.D. Cal. May 22, 2019).

Therefore, the Court GRANTS Virtue's motion, Dkt. No. 290.

**2.6    Microsoft's unopposed motion to seal, Dkt. No. 319.**

Microsoft requests that the Court seal Exhibit 1 attached to its opposition to Virtru's motions in limine. Dkt. No. 319. Virtru did not respond or oppose. Dkt. No. 320 ¶ 10. Exhibit 1 is Microsoft's Objections and Responses to Virtru's Notice of Deposition By Written Questions. Microsoft's counsel attests in his declaration that Exhibit 1 has been designated highly confidential because it contains proprietary information that would "cause competitive harm if disclosed." *Id.* ¶ 8. The Court agrees this provides a compelling reason to seal this document, and GRANTS Microsoft's unopposed motion to seal, Dkt. No. 319.

**2.7 Virtru's unopposed motion to seal the parties' joint submission of deposition designations, Dkt. No. 329.**

Virtru moved to seal Exhibits A-1, C-1, E-1, G-1, I-1, P-1, Q-1, Q-2, R-1, R-2, S-1, T-1, U-1, V-1, W-1, W-2, X-1, Y-1, Y-2, Z-1, Z-2, and AA-1 to the Joint Submission of Deposition Designations. Dkt. No. 329. Virtru argues that because "parties have designated only portions of these transcripts for potential use at trial," the Court should allow the transcripts to remain under seal in their entirety pending use at trial. *Id.* at 2. Then, the parties can articulate the reasons for sealing for the transcripts that are actually offered and used at trial. *Id.*

Before trial commenced, the parties notified the Court of a tentative settlement, and the Court struck the trial date. Dkt. No. 352. The parties anticipate their will perfect settlement no later than August 12, 2025. *Id.*

Because the deposition designations were never used, they are only tangentially related to the merits of the case. "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180. Here, there is good cause to seal because the transcripts include confidential and proprietary information. On the other hand, the public has little interest in extensive transcripts that were never considered during the litigation. As a result, the Court GRANTS Virtru's motion to seal, Dkt. No. 329.

## 3. CONCLUSION

For the foregoing reasons, the Court ORDERS the following:

Microsoft's motions to seal at Dkt. Nos. 249, 319 are GRANTED.

Virtru's motions to seal at Dkt. Nos. 206, 290, 329 are GRANTED.

Microsoft's motion to seal at Dkt. No. 285 is DENIED. The Clerk is directed to unseal and file for public record Exhibits G, H, and J to Microsoft's motions in limine, Dkt. Nos. 289, 289-1, and 289-2.

Dated this 3rd day of July, 2025.

Jamal N. Whitehead
United States District Judge